UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Kimberly Ann Henny, | Case No. 22-CV-2207 (JWB/ECW) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Andre Matevousian, Regional Director of the BOP; Mistell Starr, Warden of FCI Waseca; T. Vaught, Associate Warden, FCI Waseca; and Deanna Hiller, Unit Director, FCI Waseca, | |
| Defendants. | |

Plaintiff Kimberly Ann Henny, a federal prisoner, applied for *in forma pauperis* ("IFP") status at the outset of this proceeding. *See* Dkt. No. 2. Consistent with 28 U.S.C. § 1915(b), this Court calculated Henny's initial partial filing fee to be $109.83 and required Henny to pay that initial partial filing fee within 21 days. *See* Dkt. No. 3.

Henny at first requested additional time to submit the assessed initial partial filing fee, *see* Dkt. No. 4, and then later requested recalculation of her initial partial filing fee based on changes to her financial condition while incarcerated, *see* Dkt. No. 5. The request for more time was granted, and Henny was invited to submit updated financial documentation from her prison trust account demonstrating that she was unable to pay the initial partial filing fee that had been calculated. *See* Dkt. No. 6. When Henny responded with a "pauperis oath" that she had less than $20.00 in her prison trust account (but with no documentation supporting that oath), *see* Dkt. No. 7, this Court again

1

extended the period for Henny to submit documentation from her prison trust account showing her current financial status, *see* Dkt. No. 10, failing which it would be recommended that this matter be dismissed without prejudice for failure to prosecute, *see* Fed. R. Civ. P. 41(b).

In this Court's most recent prior order of December 13, 2022, Henny was directed to provide the necessary financial documentation (or, alternatively, to pay the previously assessed initial partial filing fee) within 21 days of the date of that order. *See* Dkt. No. 10. That deadline has now passed, and Henny has neither submitted additional financial documentation nor paid the $109.83 initial fee that was assessed at the outset of this case. In fact, Henny has not communicated with the Court about this case at all since this Court entered the order of December 13, 2022. Accordingly, this Court now recommends, in accordance with its prior orders, that this action be dismissed without prejudice under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. *See Henderson v. Renaissance Grand Hotel*, 267 F. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order."). Henny's motion for reconsideration of the amount of her initial partial filing fee may be denied as moot in light of Henny's failure to submit updated financial information, and her pending IFP application may be denied in light of the recommendation of dismissal for failure to prosecute.

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This matter be DISMISSED WITHOUT PREJUDICE for failure to prosecute.

2. The motion for reconsideration of plaintiff Kimberly Ann Henny [Dkt. No. 5] be denied.

3. Henny's application to proceed *in forma pauperis* [Dkt. No. 2] be DENIED.

Dated: January 11, 2023

*s/Elizabeth Cowan Wright*
ELIZABETH COWAN WRIGHT
United States Magistrate Judge

**NOTICE**

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).